# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**HENRY MARTINEZ,**

**Plaintiff,**                                  **Case No.:**

v.

**IVV ELECTRIC, INC.,**
**A Florida Profit Corporation,**

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HENRY MARTINEZ (hereinafter referred as "MARTINEZ" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant IVV ELECTRIC, INC. (hereinafter referred as "Defendant"), pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), Florida's Workers' Compensation Law in violation of § 440.205 and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to

which the Plaintiff is entitled, including but not limited to, equitable relief. In support of the foregoing, Plaintiff states as follows:

## PARTIES

1. MARTINEZ was hired by Defendant in February 2022.

2. Plaintiff was an employee of the Defendant within the last three (3) years, from approximately February 2022 through September 2022.

3. MARTINEZ is protected by the ADAAA because he:

   a. Was suffering "a physical or mental impairment that substantially limits one or more [of his] major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

   b. Had "a record of such an impairment" because of his required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

   c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

4. Defendant is an electrical company in Tampa, Florida.

5. MARTINEZ was employed as a Carpenter for Defendant.

6. By the very nature of its work, Defendant is a corporation that is engaged in commerce.

7. Defendant is engaged in an industry affecting commerce.

8. At all times material, MARTINEZ was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

9. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. Plaintiff worked for Defendant in Hillsborough County, Florida.

13. Defendant conducts business in Hillsborough County, Florida.

14. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

15. On or about February 3, 2023, MARTINEZ timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

16. The EEOC, on or about August 4, 2023, issued to MARTINEZ a Dismissal and Notice of Rights as to the Charge.

17. This action is being commenced within 90 days of MARTINEZ'S receipt of the Dismissal and Notice of Rights.

## **FLSA ENTERPRISE COVERAGE**

18. At all material times (2020-2023), Defendant was an enterprise subject to the FLSA's provision on minimum wage and overtime wages.

19. At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

20. At all material times (2020-2023), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e. business equipment, construction equipment, telephones, computers, pens, and paper).

21. Defendant's employees ran credit card transactions which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. telephones, computers, pens, and paper).

22. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

23. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

24. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

## STATEMENT OF FACTS

25. Plaintiff worked as a Carpenter for Defendant, starting in February 2022.

26. He earned $19.00/hour, working full time.

27. Plaintiff suffered a compensable workers' compensation injury on August 26, 2022 when he injured his foot at work as he was scaling down a ladder.

28. Plaintiff continued to work for the next few days.

29. Plaintiff's supervisor, Damian (last name unknown), advised Plaintiff that he would likely benefit from taking a couple of weeks off work to heal from his injury.

30. Plaintiff took two weeks off to heal from his injury.

31. Upon Plaintiff's return to work, was terminated by Vincent (last name unknown), the owner of the company, on September 16, 2022.

32. Plaintiff was aware of other positions within the company that were within his job restrictions.

33. These positions included organizing materials or aiding other workers in non-physical ways to get work completed.

34. The Company would not Plaintiff allow to work in those positions as an accommodation to him medical condition.

35. Defendant's actions, including the failure to accommodate Plaintiff, were discriminatory.

36. Defendant's actions, including terminating Plaintiff, were discriminatory.

37. Defendant's actions, including terminating Plaintiff, were retaliatory.

38. Plaintiff routinely worked in excess of 40 hours per week, and was not paid at the appropriate overtime rate.

## COUNT I:

## DISABILITY DISCRIMINATION

39. MARTINEZ realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-17 and 25-36 above.

40. MARTINEZ's medical and restrictions were a motivating cause of

Defendant's discriminatory behavior towards MARTINEZ, and thus, constituted disability discrimination as proscribed by the ADAAA.

41. Defendant's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation, discriminated against MARTINEZ with respect to the compensation, terms, conditions, or privileges of employment because of MARTINEZ's disability.

42. As a natural, proximate and foreseeable result of the actions of Defendant, MARTINEZ has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

43. The conduct of Defendant's management was in such reckless disregard of MARTINEZ's federal statutory rights against disability discrimination as to entitled MARTINEZ to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

44. The disability discrimination MARTINEZ suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

45. MARTINEZ is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a

judgment:

    a.    Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to MARTINEZ;

    b.    Awarding judgment against Defendant for the back pay and benefits to which MARTINEZ would have been entitled but for Defendant's discriminatory acts;

    c.    Awarding judgment against Defendant for compensatory damages;

    d.    Awarding judgment against Defendant for punitive damages;

    e.    Enjoining Defendant to reinstate MARTINEZ to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

    f.    Awarding MARTINEZ his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

    g.    Awarding MARTINEZ equitable relief in the form of an additional set-off for any negative tax consequences incurred by MARTINEZ as the result of any damage award entered in his favor in this action; and

    h.    Granting such other and further relief as the Court deems just.

## COUNT II:
## RETALIATION IN VIOLATION OF THE ADAAA

46.    MARTINEZ realleges and adopts, as if fully set forth herein, the

Case 8:23-cv-02502-MSS-AAS   Document 1   Filed 11/02/23   Page 9 of 15 PageID 9

allegations in paragraphs 1-17, 24-34, and 37 above.

47. MARTINEZ requested a reasonable accommodation for his disability/perceived disability. This constituted protected activity under the ADAAA.

48. As a natural, proximate and foreseeable result of Defendant's actions, MARTINEZ has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

49. The conduct of Defendant's management was in such reckless disregard of MARTINEZ's federal statutory rights against retaliation as to entitle MARTINEZ to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

50. The retaliation MARTINEZ suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

51. MARTINEZ is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant, its officers, agents, servants,

employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to MARTINEZ;

b. Awarding judgment against Defendant for the back pay and benefits to which MARTINEZ would have been entitled but for Defendant's retaliatory acts;

c. Awarding judgment against Defendant for compensatory damages;

d. Awarding judgment against Defendant for punitive damages;

e. Enjoining Defendant to reinstate MARTINEZ to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting his front pay;

f. Awarding MARTINEZ his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g. Awarding MARTINEZ equitable relief in the form of an additional set-off for any negative tax consequences incurred by MARTINEZ as the result of any damage award entered in his favor in this action; and

h. Granting such other and further relief as the Court deems just.

## COUNT III:
## RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES

52. MARTINEZ realleges and incorporates all allegations contained within Paragraphs 1-2, 4-6, 10-14, 24-34, and 37 above.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

54. Plaintiff was threatened with discharge by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

55. Plaintiff was discharged by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

56. The retaliation to which Plaintiff was subjected was based on his disability.

57. The retaliation to which Plaintiff was subjected was based on his attempt to claim compensation Workers 'Compensation Law (Chapter 440, Florida Statutes).

58. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

59. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Declare that Defendant violated the aforementioned causes of action;

    b.    Grant a jury trial and entry of judgment in Plaintiff's favor;

    c.    Award back pay;

    d.    Award front pay;

    e.    Award compensatory damages;

    f.    Award liquidated damages;

    g.    Award prejudgment interests, and, if applicable, post-judgment interest;

    h.    Award any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

### **COUNT IV - RECOVERY OF OVERTIME COMPENSATION**

61. Plaintiff re-alleges and incorporates paragraphs 1-2, 4-7, 10-14, 18-26, and 38 as if fully set forth herein.

62. Plaintiff regularly worked in excess of forty (40) hours per week.

63. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

64. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

65. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

66. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

67. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

68. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

69. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

70. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and

516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

71. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

72. Plaintiff demands a trial by jury.

73. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40)

hours per work week while employed; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __2nd_ day of November, 2023.

        Respectfully submitted,
        s/ Edward W. Wimp
        Edward W. Wimp, Esquire – LEAD COUNSEL
        FBN: 1015586
        Email: ewimp@theleachfirm.com
        Direct: 407-574-6339
        Anthony J. Hall, Esquire
        FBN: 0040924
        Email: ahall@theleachfirm.com
        THE LEACH FIRM, P.A.
        1560 N. Orange Ave., Suite 600
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 813-7513
        Attorneys for Plaintiff